JUDGE RAMOS

# 12 CIV 6263

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

ANNAELLE H. BAROUK,                                              Civil Case No.

                          Plaintiff,

                                                          **COMPLAINT**

          -against-                                 **JURY TRIAL DEMANDED**

THE VILLAGE OF SPRING VALLEY, THE VILLAGE
OF SPRING VALLEY POLICE DEPARTMENT,
POLICE OFFICER KIMBERLY GRAY, and
POLICE OFFICER "JOHN DOE" whose name is
presently unknown at this time,
                                        Defendants.
-------------------------------------------------------------------------x

Plaintiff, ANNAELLE H. BAROUK, by her attorneys, KORSINSKY & KLEIN, LLP,

complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights caused

by defendants' actions of false arrest, false imprisonment, malicious prosecution, abuse of

criminal process and racial discrimination, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

1

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff is a female and was at all relevant times a resident of the State of New York.

7.      Upon information and belief defendant THE VILLAGE OF SPRING VALLEY is a municipality located in the State of New York, County of Rockland, and maintains a police force duly authorized under the New York State Public Authorities Law to perform all functions of a police agency as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction of the aforementioned municipality, THE VILLAGE OF SPRING VALLEY.

8.      Upon information and belief, defendant THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, is a police force duly authorized under the New York State Public Authorities Law to perform all functions of a police agency as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction of the aforementioned municipality, THE VILLAGE OF SPRING VALLEY.

9.      Upon information and belief, defendant POLICE OFFICER KIMBERLY GRAY, is a police officer of THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT.

10.     Upon information and belief, defendant "JOHN DOE" is a police officer of THE

2

VILLAGE OF SPRING VALLEY POLICE DEPARTMENT whose name is presently unknown.

11.     At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said police force and were acting under the supervision of said police force for and according to their official duties.

12.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT.

## FACTS

15.     On June 22, 2011, at approximately 11:30 a.m., plaintiff ANNAELLE H. BAROUK, was arrested at or near 35 North Cole Avenue, Spring Valley, New York, in the County of Rockland, and charged with Attempted Assault in the Third Degree New York Penal Law Section 110/120.00.

16.     ANNAELE H. BAROUK was arrested at or near 25 North Cole Avenue, Spring Valley New York by defendant POLICE OFFICER KIMBERLY GRAY.

17.     Defendant POLICE OFFICER KIMBERLY GRAY arrested ANNAELE H. BAROUK without probable cause.

3

18.     Defendant POLICE OFFICER KIMBERLY GRAY arrested ANNAELE H. BAROUK in violation of her rights guaranteed under the United States Constitution.

19.     At the time of the arrest, there was no evidence that ANNAELE H. BAROUK committed the alleged crime.

20.     At the time of the arrest, Defendant POLICE OFFICER KIMBERLY GRAY assaulted and abused ANNAELE H. BAROUK.   Specifically, and for no reason, POLICE OFFICER KIMBERLY GRAY, among other things, dislocated ANNAELE H. BAROUK'a shoulder.

21.     At the time of the arrest, Defendant POLICE OFFICE JOHN DOE assaulted and abused ANNAELE H. BAROUK.   Specifically, and for no reason, POLICE OFFICE JOHN DOE, among other things, repeatedly slammed ANNAELE H. BAROUK's face into the ground. POLICE OFFICE JOHN DOE also pulled ANNAELE H. BAROUK by her hair and ripped out a chunk of her hair.

22.     In addition to no basis for the arrest, there was no basis for the assault and abuse, as ANNAELE H. BAROUK surrendered to the police and begged for them not to hurt her.

23.     Pursuant to the baseless criminal charge brought by defendants, plaintiff ANNAELE H. BAROUK was forcibly confined by the defendants.

24.     In addition, as a result of the abuse and assault by defendants, plaintiff ANNAELE H. BAROUK was hospitalized.

25.     ANNAELE H. BAROUK was never indicted by a Grand Jury.

26.     In or around December 2011, all charges against plaintiff ANNAELE H. BAROUK were dismissed.

27.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty,

4

emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights, deprivation of her constitutional rights of due process, deprivation of her constitutional privileges, immunities and equal protection under the laws of the United States and the Constitutions of the United States and the State of New York.

28.     In addition, the force used against Plaintiff was excessive, even if , *arguendo*, the arrest was justified.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

29.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of the laws of the State of New York and/or the Village of Spring Valley.

31.     All of the aforementioned acts deprived plaintiff ANNAELE H. BAROUK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned defendants, collectively and individually, in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE VILLAGE OF SPRING VALLEY and THE

5

VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, all under the supervision of ranking officers of said department and in violation of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

34.    The acts complained of were carried out by the aforementioned individual defendants, collectively and individually, in their capacities as police officers, negligently, recklessly, maliciously and with deliberate indifference to plaintiff's rights to due process and equal protection under the Fourth and Fourteenth Amendments to the United States Constitution.

35.    The acts complained of are a direct result of defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT Authority's negligent, reckless and deliberate failure to train and supervise its police personnel.

36.    The acts complained of were carried out by the aforementioned defendants, collectively and individually, in their capacities as police officers, pursuant to customs, usages, practices, procedures, and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT that are designed to and in practice do deny equal protection and treatment under the law, thereby violating defendant's rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

37.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.    As a result of defendants' aforementioned conduct, plaintiff ANNAELE H. BAROUK was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by

the defendants in criminal proceedings, without any probable cause, privilege or consent.

39.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants were directly and actively involved in the initiation of criminal proceedings against ANNAELE H. BAROUK.

42.     Defendants lacked probable cause to initiate criminal proceedings against ANNAELE H. BAROUK.

43.     Defendants acted with malice in initiating criminal proceedings against ANNAELE H. BAROUK.

44.     Defendants were directly and actively involved in the continuation of criminal proceedings against ANNAELE H. BAROUK.

45.     Defendants lacked probable cause to continue criminal proceedings against ANNAELE H. BAROUK.

46.     Defendants acted with malice in continuing criminal proceedings against ANNAELE H. BAROUK.

47.     Notwithstanding the misconduct of defendants, the criminal proceedings were terminated in ANNAELE H. BAROUK favor in or around December, 2011, when all criminal charges against her were dismissed.

7

48.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants issued legal process to place plaintiff ANNAELE H. BAROUK under arrest.

51.    Defendants arrested plaintiff ANNAELE H. BAROUK in order to obtain a collateral objective outside the legitimate ends of the legal process.

52.    Defendants acted with intent to do harm to plaintiff ANNAELE H. BAROUK, without excuse or justification.

53.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" with the same force and effect as if fully set forth herein.

55.    Defendants intentionally confined, detained and restrained plaintiff ANNAELE H. BAROUK.

56.    Plaintiff ANNAELE H. BAROUK was conscious of her confinement, detention

and restraint throughout such period.

57.     Defendants confined, detained and restrained plaintiff ANNAELE H. BAROUK against her will.

58.     Defendants, arrested, confined, detained and restrained plaintiff ANNAELE H. BAROUK without probable cause, thus defendants' actions in doing so were not privileged in any manner.

59.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of her constitutional rights.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" as if the same were more fully set forth at length herein.

61.     Defendants arrested and incarcerated ANNAELE H. BAROUK in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

62.     Defendants ignored, refused and failed to seek exculpatory evidence that conclusively demonstrated plaintiff ANNAELE H. BAROUK's innocence of the crimes for which defendants arrested and incarcerated her.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual

9

defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, all under the supervision of ranking officers of said department.

65.     The aforementioned customs, policies, usages, practices, procedures and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT include, but are not limited to, the following unconstitutional practices:

a)     arresting innocent persons the complete lack of probable cause;

b)     arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

c)     subjecting innocent persons to arrest and prosecution based solely on the whim of the police officers notwithstanding the complete lack of probable cause; and

d)     subjecting innocent persons to continued incarceration notwithstanding the complete lack of probable cause against the accused of any criminal wrongdoing;

e)     refusing and failing to take steps during the investigation phase to discover evidence that exonerates the accused of any criminal wrongdoing; and

f)     failing to use reasonable care in hiring, training and/or supervising police officers.

66.     The foregoing customs, policies, usages, practices, procedures and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT were the direct and proximate cause of the constitutional violations suffered by ANNAELE H. BAROUK as alleged herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT were the moving force behind the constitutional violations suffered by plaintiff

ANNAELE H. BAROUK as alleged herein.

68.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, plaintiff ANNAELE H. BAROUK was falsely arrested and incarcerated on or about June 22, 2011.

69.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ANNAELE H. BAROUK.

70.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ANNAELE H. BAROUK's constitutional rights.

**SEVENTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**

71.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "70" as if the same were more fully set forth at length herein.

72.     As set forth above, at the time of the arrest, Defendant POLICE OFFICER KIMBERLY GRAY assaulted and abused ANNAELE H. BAROUK.  Specifically, and for no reason, POLICE OFFICER KIMBERLY GRAY, among other things, dislocated ANNAELE H. BAROUK'a shoulder.

73.     As set forth above, at the time of the arrest, Defendant POLICE OFFICER JOHN DOE assaulted and abused ANNAELE H. BAROUK.   Specifically, and for no reason, POLICE OFFICE JOHN DOE, among other things, repeatedly slammed ANNAELE H. BAROUK's face into the ground.  POLICE OFFICE JOHN DOE also pulled ANNAELE H. BAROUK by her

11

hair and ripped out a chunk of her hair.

74.     As set forth above, there was bodily contact with the Plaintiff.

75.     The contact was offensive, i.e., wrongful under all of the circumstances.

76.     In addition, the contact was made intentionally without the Plaintiff's consent.

### NINTH CLAIM FOR RELIEF
### PERSONAL INJURY

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" as if the same were more fully set forth at length herein.

78.     That the occurrences set forth above was due to the negligence of defendants, their agents, servants and/or employees.

79.     That prior to the aforementioned occurrences, defendants knew or should have known of the aforementioned danger to Plaintiff.

80.     That by reason of the assault and battery of Plaintiff, the Plaintiff was rendered sick, sore, lame and disabled and her injuries upon information and belief are of a permanent character.  That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care and attention and treatment and she is inform and she verily believes that she will in the future be obliged to incur further expense and obligations for medicines, medical care and attention and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in a sum which is in excess of $1,000,000.00.

### TENTH CLAIM FOR RELIEF
### NEGLIGENCE

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

12

paragraphs "1" through "80" as if the same were more fully set forth at length herein.

82.     Defendant, their agents, servants and/or employees, had a duty to Plaintiff in not harming her and/or not falsely arresting her and/or falsely imprisoning her.

83.     Defendants, their agents, servants and/or employees, breached said duties to Plaintiff, by committing and/or causing the commission of and/or allowing the commission of, the malicious and injurious conduct, as set forth extensively above.

84.     As a result, Plaintiff has suffered damages in an amount in excess of $1,000,000.00.

## ELEVENTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE

85.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "84" as if the same were more fully set forth at length herein.

86.     Defendants, their agents, servants and/or employees, had a duty to Plaintiff in not harming her and/or not falsely arresting her and/or falsely imprisoning her.

87.     Defendants, their agents, servants and/or employees, were grossly negligent and breached said duties to Plaintiff, by committing and/or causing the commission of and/or allowing the commission of, the malicious and injurious conduct, as set forth extensively above.

88.     In that regard, Defendants, their agents, servants and/or employees, willfully disregarded their duties owed to the Plaintiff in a manner that amounted to a willful indifference or disregard of the duties they owed to the Plaintiff.

89.     As a result, Plaintiff has suffered damages in an amount in excess of $1,000,000.00.

13

## TWELFTH CLAIM FOR RELIEF
## NEGLIGENT HIRING

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "89" as if the same were more fully set forth at length herein.

91.     The employers, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, knew or should have known of Defendant POLICE OFFICER KIMBERLY GRAY's and Defendant POLICE OFFICER JOHN DOE's propensity for the conduct that caused the injury to Plaintiff.

92.     As a result of the foregoing, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT are liable for negligent hiring of Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE.

## THIRTEENTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION, INCLUDING FAILURE TO ADEQUATELY
## DISCIPLINE

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "92" as if the same were more fully set forth at length herein.

94.     The employers, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, knew or should have known of Defendant POLICE OFFICER KIMBERLY GRAY's and Defendant POLICE OFFICER JOHN DOE's propensity for the conduct that caused the injury to Plaintiff.

95.     However, Defendants THE VILLAGE OF SPRING VALLEY and THE

VILLAGE OF SPRING VALLEY POLICE DEPARTMENT failed to properly supervise Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE, in order to avoid such injuries to Plaintiff.

96.     As a result of the foregoing, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT are liable for negligent supervision of Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE.

97.     Furthermore, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT failed to adequately discipline Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE.

98.     As a result of the foregoing, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT are liable for failure to adequately discipline Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE.

## FOURTEENTH CLAIM FOR RELIEF
## NEGLIGENT TRAINING

99.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "98" as if the same were more fully set forth at length herein.

100.    Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT failed to properly train Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE, in order to avoid such injuries to Plaintiff.

15

101.    The Defendants THE VILLAGE OF SPRING VALLEY's and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT's failure to train its officers in respect to preventing unnecessary injuries, assault and battery, false imprisonment, and all other wrongful conduct alleged herein, constitutes a deliberate indifference to the municipality's inhabitants.

102.    The unnecessary injuries, assault and battery, false imprisonment, and all other wrongful conduct alleged herein, were a direct result of such negligent training.

**FIFTEENTH CLAIM FOR RELIEF**
**NEGLIGENT RETENTION**

103.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "102" as if the same were more fully set forth at length herein.

104.    The employers, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, knew or should have known of Defendant POLICE OFFICER KIMBERLY GRAY's and Defendant POLICE OFFICER JOHN DOE's propensity for the conduct that caused the injury to Plaintiff.

105.    However, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, despite these facts, continued to retain Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE as employees.

106.    As a result of the foregoing, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT are liable for negligent retention of Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE.

## SIXTEENTH CLAIM FOR RELIEF
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "106" as if the same were more fully set forth at length herein.

108.    As set forth above, Defendants have caused Plaintiff physical harm by, *inter alia*, assault and battery.

109.    As a result, Plaintiff has suffered physical injury, as well as severe psychological and emotional injury.

110.    As a result of the foregoing, Defendants are liable for such injury in amount to be determined at trial, in the sum of at least $1,000,000.00.

111.    In addition, the acts of misconduct by Defendants were done willfully and maliciously, are oppressive and shocking to the conscience, and were done with the deliberate intent of harming Plaintiff, and were and are committed in total disregard of the rights of Plaintiff.

112.    Therefore, Defendants should be liable to pay punitive damages in the amount of $5,000,000.00.

## SEVENTEENTH CLAIM FOR RELIEF
## <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

113.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "112" as if the same were more fully set forth at length herein.

114.    As set forth above, Defendants have caused Plaintiff physical harm by, *inter alia*, its negligent acts.

17

115.    As a result, Plaintiff has suffered physical injury, as well as severe psychological and emotional injury.

116.    As a result of the foregoing, Defendants are liable for such injury in amount to be determined at trial, in the sum of at least $1,000,000.00.

117.    In addition, the negligence was so gross and wanton, as to have Defendants be liable for punitive damages.

118.    Therefore, Defendants should be liable to pay punitive damages in the amount of $5,000,000.00.

## EIGHTEENTH CLAIM FOR RELIEF
## RESPONDEAT SUPERIOR

119.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" as if the same were more fully set forth at length herein.

120.    The improper conduct alleged herein was foreseeable to Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT.

121.    This is because Defendant POLICE OFFICER KIMBERLY GRAY and Defendant POLICE OFFICER JOHN DOE are police officers.

122.    The conduct alleged herein is generally foreseeable and a natural incident of the employment of police officers.

123.    Accordingly, Defendants THE VILLAGE OF SPRING VALLEY and THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT are liable to Plaintiff based on the doctrine of respondeat superior in the sums set forth herein.

18

## NINETEENTH CLAIM FOR RELIEF
## VIOLATION OF HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT ("HIPAA") OF 1996 (P.L. 104-191)

124.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "123" as if the same were more fully set forth at length herein.

125.    In addition, the Defendants obtained the medical records of Plaintiff, without permission from Plaintiff.

126.    Upon information and belief, Defendants used their position as police officers to improperly obtain medical records and information not for proper legal use.

127.    This constitutes a violation of the HIPAA laws.

128.    As a result of the foregoing, Defendants are liable for such injury in amount to be determined at trial, in the sum of at least $1,000,000.00.

129.    In addition, such violation of HIPAA was done willfully and maliciously, was oppressive and shocking to the conscience, and was done with the deliberate intent of harming Plaintiff, and was committed in total disregard of the rights of Plaintiff.

130.    Therefore, Defendants should be liable to pay punitive damages in the amount of $5,000,000.00.

131.    All of the foregoing acts by defendants deprived plaintiff ANNAELE H. BAROUK of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    To be free from unwarranted and malicious criminal prosecution;

D.    Not to have cruel and unusual punishment imposed upon her; and

19

E.      To receive equal protection under the law.

132.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the defendants in the sum of three million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff ANNAELE H. BAROUK demands judgment on the claims for relief set forth herein, against all defendants, jointly and severally, in the sum of at least five million dollars ($5,000,000.00) in compensatory damages, three million dollars ($3,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: Brooklyn, New York
       August 15, 2012

                              **KORSINSKY & KLEIN, LLP**
                              *Attorneys for Plaintiff*

                              By: _____
                                    Michael Korsinsky
                              2926 Avenue L
                              Brooklyn, New York 11210
                              212-495-8133