UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANNAELLE H. BAROUK,

|  |  |
|---|---|
| Plaintiff, | 12 Civ. 6263 (NSR) (PED) |
| -against- | FIRST AMENDED COMPLAINT |
| THE VILLAGE OF SPRING VALLEY, THE VILLAGE OF SPRING VALLEY POLICE DEPARTMENT, POLICE OFFICER KIMBERLY GRAY, POLICE OFFICER PHILIP FANTASIA, and SERGEANT JOHN KIERNAN, | JURY TRIAL DEMANDED |
| Defendants. | |

-------------------------------------------------------------------------X

Plaintiff, ANNAELLE H. BAROUK, by her attorneys, KORSINSKY & KLEIN, LLP,

complaining of Defendants, for her First Amended Complaint alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 and New York state law for violations of

her rights arising from the actions of certain Defendants that constituted the use of excess force

in connection with an arrest of Plaintiff, as said rights are secured by said statutes and the

Constitutions of the State of New York and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Plaintiff invokes the Court's supple-

mental jurisdiction with respect to the Claims for Relief that arise under New York state law.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff Annaelle H. Barouk is and at all relevant times has been a resident of the State of New York. She is and at all relevant time has been a non-citizen of the United States lawfully admitted to the United States.

7.    Upon information and belief Defendant the Village of Spring Valley is a municipality located in the State of New York, County of Rockland, and maintains a police force duly authorized under the New York State Public Authorities Law to perform all functions of a police agency as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction of the aforementioned municipality, the Village of Spring Valley.

8.    Upon information and belief, Defendant the Village of Spring Valley Police Department ("SVPD") is a police force duly authorized under the New York State Public Authorities Law to perform all functions of a police agency as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction of the aforementioned municipality, the Village of Spring Valley.

9.    Upon information and belief, Defendant Kimberly Gray was at all relevant times a police officer of the SVPD.

10.   Upon information and belief, Defendant Philip Fantasia is and at all relevant times has been a police officer of the SVPD. Officer Fantasia was identified as "John Doe" in the original complaint herein.

11.   Upon information and belief, at all relevant times, Defendant John Kiernan was a sergeant of the SVPD.

12.   At all times hereinafter mentioned, Officers Gray and Fantasia and Sergeant Kiernan were duly sworn police officers of the SVPD and in connection with the events recited herein were acting under the supervision of said police force for and according to their official duties.

13.   At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the Village of Spring Valley and the SVPD.

14.   Each and all of the acts of Officers Gray and Fantasia and Sergeant Kiernan alleged herein were done by said Defendants while acting within the scope of their employment by Defendants the Village of Spring Valley and the SVPD.

15.   Each and all of the acts of Officers Gray and Fantasia and Sergeant Kiernan alleged herein were done by said Defendants while acting in furtherance of their employment by Defendants the Village of Spring Valley and the SVPD.

## FACTS

16.   On the morning of June 22, 2011, Ms. Barouk was present at 35 North Cole Avenue in Spring Valley.  At approximately 11:30 a.m., Officer Gray arrived in uniform and in a patrol car of the SVPD. After interacting with Officer Gray and others at the scene, Ms. Barouk went to

3

a basement apartment in the building. Officer Gray followed Ms. Barouk to the basement apartment where she, Officer Gray, came into contact with and restrained Ms. Barouk.

17.   Ms. Barouk was arrested at or near 35 North Cole Avenue, Spring Valley, New York by Officer Gray.

18.   In effecting the arrest of or restraining Ms. Barouk within 35 North Cole Avenue, Officer Gray came into physical contact with the person of Ms. Barouk and in the course thereof caused injury to Ms. Barouk as a result. Ms. Barouk made Officer Gray aware that Officer Gray was causing her, Ms. Barouk, pain but Officer Gray did not desist in her conduct for a period after Ms. Barouk told her that she was causing Ms. Barouk pain. The injuries suffered by Ms. Barouk included, but were not limited to, a dislocated shoulder.

19.   In light of the totality of the circumstances faced by Officer Gray, the amount of force she used on Ms. Barouk was not objectively reasonable and constituted a serious or harmful use of force, which resulted in injury to Ms. Barouk.

20.   On June 22, 2011, Officer Fantasia arrived at 35 North Cole Avenue in uniform and in a SVPD car with Sergeant Kiernan.

21.   While in the premises at 35 North Cole Avenue, custody of Ms. Barouk was transferred from Officer Gray to Officer Fantasia and Sergeant Kiernan, who forcibly removed Ms. Barouk from the premises, including by pulling her up a flight of stairs and ultimately removing her to the back-seat of a SVPD patrol car. In effecting such removal, however, Officer Fantasia and Sergeant Kiernan used a level of force that in light of the totality of the circum-stances faced by them was not objectively reasonable and constituted a serious or harmful use of force, which resulted in injury to Ms. Barouk.

22.     Although she was in pain and suffering as a result of her encounters with Officers Gray and Fantasia and Sergeant Kiernan, Ms. Barouk did not receive medical attention at the scene and was not transported directly to a medical facility but was instead transferred from 35 North Cole Avenue to the SVPD's headquarters, where she was held until she was removed by emergency medical technicians to a nearby hospital, where she received medical treatment for injuries suffered as a result of the conduct of the Individual Defendants. While she was at SVPD headquarters, employees of the SVPD made disparaging and inappropriate remarks about her.

23.     Ms. Barouk has continued to suffer significant physical and mental damage as a result of injuries suffered on June 22, 2011 as alleged herein.

24.     As a result of the abuse and assault and battery by Defendants, Ms. Barouk was hospitalized.

25.     As a result of the foregoing, Ms. Barouk sustained, *inter alia*, pain and suffering, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights, deprivation of her constitutional rights of due process, deprivation of her constitutional privileges, immunities and equal protection under the laws of the United States and the Constitutions of the United States and the State of New York.

26.     Ultimately, Ms. Barouk was arrested at or near 35 North Cole Avenue and charged with several offenses. Those charges were dismissed after Ms. Barouk completed an agreed-upon course of community service.

**FIRST CLAIM FOR RELIEF**
**Deprivation Of Federal Civil Rights Under The Fourteenth Amendment; 42 U.S.C. § 1983**

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 26 with the same force and effect as if fully set forth herein.

5

28.   42 U.S.C. § 1983 prohibits any State from depriving any resident alien lawfully admitted into the United States of any of the "rights, privileges, or immunities secured by the Constitution and laws" of the United States.

29.   All of the aforementioned acts of Defendants Officers Gray and Fantasia and Sergeant Kiernan were carried out under the color of the laws of the State of New York and/or the Village of Spring Valley.

30.   The aforementioned acts of Officers Gray and Fantasia and Sergeant Kiernan deprived Ms. Barouk of the rights, privileges, and immunities guaranteed to her as a resident alien lawfully admitted into the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

31.   The acts complained of were carried out by Officers Gray and Fantasia and Sergeant Kiernan in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32.   The acts complained of were carried out by Officers Gray and Fantasia and Sergeant Kiernan, collectively and individually, in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the Village of Spring Valley and the SVPD, all under the supervision of ranking officers of said department and in violation of the rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

33.   The acts complained of were carried out by the aforementioned individual Defendants, collectively and individually, in their capacities as police officers, negligently, recklessly, maliciously and with deliberate indifference to Ms. Barouk's rights to due process

and equal protection under the Fourth and Fourteenth Amendments to the United States Constitution.

34.    The acts complained of are a direct result of Defendants the Village of Spring Valley and the SVPD's negligent, reckless and deliberate failure to train and supervise its police personnel.

35.    The acts complained of were carried out by the aforementioned Defendants, collectively and individually, in their capacities as police officers, pursuant to customs, usages, practices, procedures, and rules of the Village of Spring Valley and the SVPD that are designed to and in practice do deny equal protection and treatment under the law, thereby violating Defendant's rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

36.    Ms. Barouk has suffered injuries as a result of the aforementioned deprivations of her rights, including the use of excessive force with respect to her contacts with Officers Gray and Fantasia and Sergeant Kiernan on June 22, 2011, including pain and suffering, mental anguish, and a dependency on prescription medications, all in amount to be established at the trial of this Action.

## SECOND CLAIM FOR RELIEF
### Municipal Liability

37.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 36 as if the same were more fully set forth at length herein.

38.    The acts complained of were carried out by Officers Gray and Fantasia and Sergeant Kiernan in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

39.    The acts complained of were carried out by Officers Gray and Fantasia and Sergeant Kiernan in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the Village of Spring Valley and the SVPD, all under the supervision of ranking officers of said department.

40.    The aforementioned customs, policies, usages, practices, procedures and rules of the Village of Spring Valley and the SVPD include, but are not limited to, the unconstitutional practice of failing to use reasonable care in hiring, training and/or supervising their police officers.

41.    The foregoing customs, policies, usages, practices, procedures and rules of the Village of Spring Valley and the SVPD were the direct and proximate cause of the constitutional violations suffered by Ms. Barouk as alleged herein.

42.    The foregoing customs, policies, usages, practices, procedures and rules of the Village of Spring Valley and the SVPD were the moving force behind the constitutional violations suffered by Ms. Barouk as alleged herein.

43.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Ms. Barouk.

44.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Ms. Barouk's constitutional rights.

45.    Ms. Barouk has suffered injuries as a result of the aforementioned deprivations of her rights, including the use of excessive force with respect to her contacts with Officers Gray and Fantasia and Sergeant Kiernan on June 22, 2011, including pain and suffering, mental

8

anguish, a dependency on prescription medications, all in amount to be established at the trial of this Action.

**THIRD CLAIM FOR RELIEF**
**Assault And Battery (Officer Gray)**

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 45 as if the same were more fully set forth at length herein.

47.    As set forth above, at the time of the arrest, Officer Gray assaulted and abused Ms. Barouk.  Specifically, and for no legitimate reason, Officer Gray, among other things, dislocated Ms. Barouk'a shoulder.

48.    As set forth above, there was bodily contact between Officer Gray and Ms. Barouk. That contact as was offensive, i.e., wrongful under all of the circumstances.

49.    In addition, the contact was made intentionally without Ms. Barouk's consent.

50.    As a result of the foregoing, Officer Gray committed an assault and battery on Ms. Barouk, as a result of which Ms. Barouk suffered damages in an amount to be determined at the trial of this Action.

**FOURTH CLAIM FOR RELIEF**
**Negligent Hiring**

51.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 50 as if the same were more fully set forth at length herein.

52.    The employers, Defendants the Village of Spring Valley and the SVPD, knew or should have known of the Individual Defendants' propensity for the conduct that caused the injury to Ms. Barouk.

53.    As a result of the foregoing, Defendants the Village of Spring Valley and the SVPD are liable for negligent hiring of the Individual Defendants.

9

54.  Ms. Barouk suffered damages as a result of such negligent hiring in an amount to be determined at the trial of this Action.

## FIFTH CLAIM FOR RELIEF
### Negligent Supervision, Including Failure To Adequately Discipline

55.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 54 as if the same were more fully set forth at length herein.

56.  The employers, Defendants the Village of Spring Valley and the SVPD, knew or should have known of the Individual Defendants' propensity for the conduct that caused the injury to Ms. Barouk.

57.  However, Defendants the Village of Spring Valley and the SVPD failed to properly supervise Officer Gray and Officer Fantasia, in order to avoid such injuries to Ms. Barouk.

58.  As a result of the foregoing, Defendants the Village of Spring Valley and the SVPD are liable for negligent supervision of the Individual Defendants.

59.  Furthermore, Defendants the Village of Spring Valley and the SVPD failed to adequately discipline the Individual Defendants.

60.  As a result of the foregoing, Defendants the Village of Spring Valley and the SVPD are liable for failure to adequately discipline the Individual Defendants.

61.  Ms. Barouk suffered damages as a result of such negligent supervision in an amount to be determined at the trial of this Action.

## SIXTH CLAIM FOR RELIEF
### Negligent Training

62.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 61 as if the same were more fully set forth at length herein.

63.    Defendants the Village of Spring Valley and the SVPD failed to properly train the Individual Defendants , in order to avoid such injuries to Ms. Barouk.

64.    Defendants the Village of Spring Valley's and the SVPD's failure to train its officers in respect to preventing unnecessary injuries, assault and battery, and all other wrongful conduct alleged herein constitutes a deliberate indifference to the municipality's inhabitants.

65.    The unnecessary injuries, assault and battery, and all other wrongful conduct alleged herein, were a direct result of such negligent training.

66.    Ms. Barouk suffered damages as a result of such negligent training in an amount to be determined at the trial of this Action.

## SEVENTH CLAIM FOR RELIEF
### Negligent Retention

67.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 66 as if the same were more fully set forth at length herein.

68.    The employers, Defendants the Village of Spring Valley and the SVPD, knew or should have known of the Individual Defendants' propensity for the conduct that caused the injury to Ms. Barouk.

69.    However, Defendants the Village of Spring Valley and the SVPD, despite these facts, continued to retain the Individual Defendants  as employees.

70.    As a result of the foregoing, Defendants the Village of Spring Valley and the SVPD are liable for negligent retention of the Individual Defendants.

71.    Ms. Barouk suffered damages as a result of such negligent retention in an amount to be determined at the trial of this Action.

## EIGHTH CLAIM FOR RELIEF
### Intentional Infliction Of Emotional Distress

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 71 as if the same were more fully set forth at length herein.

73. As set forth above, Officer Gray has caused Ms. Barouk physical harm by, *inter alia*, assault and battery.

74. As a result, Ms. Barouk has suffered physical injury, including pain and suffering, as well as severe psychological and emotional injury.

75. As a result of the foregoing, Officer Gray is liable for such injury in amount to be determined at trial, in the sum of at least $1,000,000.00.

76. In addition, the acts of misconduct by Officer Gray were done willfully and maliciously, are oppressive and shocking to the conscience, and were done with the deliberate intent of harming Ms. Barouk, and were and are committed in total disregard of the rights of Ms. Barouk.

77. Therefore, Officer Gray should be liable to pay punitive damages in the amount of $5,000,000.00.

## NINTH CLAIM FOR RELIEF
### Respondeat Superior

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 77 as if the same were more fully set forth at length herein.

79. The improper conduct alleged herein was foreseeable to Defendants the Village of Spring Valley and the SVPD.

80. This is because Officers Gray was at all relevant times a police officer.

12

81.   The conduct alleged herein is generally foreseeable and a natural incident of the employment of police officers.

82.   Accordingly, Defendants the Village of Spring Valley and the SVPD are liable to Ms. Barouk based on the doctrine of respondeat superior in the sums set forth herein with respect to the conduct of Officer Gray arising other than under federal law or the United States Constitution.

WHEREFORE, Plaintiff Annaelle Barouk demands judgment on the claims for relief set forth herein, as follows:

      (i)   Against all Defendants on the First Claim for Relief;

      (ii)   Against The Village of Spring Valley and the Village of Spring Valley Police Department on the Second, Fourth, Fifth, Sixth, Seventh, and Ninth Claims for Relief;

      (iii) Against Defendant Gray on the Third and Eighth Claims for Relief;

in amounts to be determined at the trial of this Action but in the sum of at least five million dollars ($5,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: Brooklyn, New York
      March 6, 2014

KORSINSKY & KLEIN, LLP
*Attorneys for Plaintiff*

By: _____
      Michael Korsinsky
2926 Avenue L
Brooklyn, New York 11210
212-495-8133